FILED
FEB X 1 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.M. & E.M., individually and on behalf of their minor son C.M., <br><br> Plaintiffs, <br><br> v. <br><br> LAFAYETTE SCHOOL DISTRICT, et al., <br><br> Defendants. | No. C 09-04624 SI <br> No. C 09-03668 SI <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

Plaintiffs' motion for a temporary restraining order and preliminary injunction came on for hearing on January 29, 2010. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby DENIES plaintiffs' motion.

## BACKGROUND

Plaintiffs M.M., E.M. and their minor child C.M. move for a temporary restraining order and preliminary injunction enjoining the commencement of an administrative due process hearing in the California Office of Administrative Hearings ("OAH"). A brief factual and procedural background of these related actions is as follows.

These actions involve disputes under the Individuals with Disabilities Education Act ("IDEA"). Plaintiff C.M. is a ten-year-old child who has been identified as an individual with learning disabilities. Defendant Lafayette School District ("District") conducted an initial psychoeducational assessment of C.M. in April 2007. In September 2008, C.M.'s parents requested an independent educational evaluation ("IEE") of the child. Several months later, in December 2008, the District filed a complaint

("2008 OAH Case") requesting a due process hearing before the OAH in order to assess the validity of its April 2007 assessment, determine whether it was liable to reimburse C.M.'s parents for the IEE, and determine whether it had a right to conduct its own reassessment of C.M. After holding a hearing, the ALJ issued a decision on July 1, 2009, finding that the parents were entitled to reimbursement of half the expenses associated with the IEE and that the District had a right to proceed with a new assessment of C.M. The ALJ expressly declined to rule on the appropriateness of the April 2007 assessment because it concluded that C.M.'s parents were entitled to reimbursement for the IEE in any event. This decision forms the basis of plaintiffs' complaint in *M.M., et al. v. Lafayette School District, et al.*, No. 09-4624 SI. In particular, plaintiffs contend the ALJ erred by failing to make any findings regarding the sufficiency of the District's initial evaluation of C.M., even though the parties had presented a substantial amount of evidence on this issue.

Meanwhile, on April 16, 2009, plaintiffs filed an administrative complaint ("2009 OAH Case") requesting a separate due process hearing to address (1) whether the District timely identified and evaluated C.M. for possible disabilities, (2) whether the District's April 2007 assessment was appropriately conducted and identified all of C.M.'s educational needs, and (3) whether the individualized education program ("IEP") formulated as a result of the April 2007 assessment was developed and maintained in accordance with IDEA mandates. On May 13, 2009, a different ALJ determined that the first two categories of claims were time-barred and granted the District's motion to dismiss. The ALJ's dismissal order forms the basis of plaintiffs' complaint in *M.M., et al., v. Lafayette School District*, No. 09-3668 SI.

Plaintiffs now seek to enjoin the commencement on February 2, 2010 of an administrative hearing regarding the issues remaining in the 2009 OAH Case.

## DISCUSSION

A party seeking temporary injunctive relief always must show a significant likelihood that it will suffer irreparable injury if the injunction is not granted. *See Winter v. Natural Res. Def. Council*, 129 S. Ct. 365, 375 (2008). The hearing plaintiffs seek to enjoin will address the adequacy of the IEPs formulated for C.M. Plaintiffs contend that, if forced to proceed with the hearing, they will suffer injury

due to being forced to re-litigate issues concerning the April 2007 assessment. As plaintiffs explain, "The sufficiency of program and services District offered to C.M. depends upon the snap shot view of what the District knew or should have know[n] about C.M.'s unique needs at the time it developed C.M.'s IEP. The sufficiency of District's initial evaluation establishes the cornerstone of Districti's knowledge." Mot. for TRO at 9.

The Court does not question plaintiffs' assertion that next week's hearing may require the parties to present evidence regarding the District's April 2007 assessment. Although plaintiffs may be inconvenienced by having to present these facts, they have not shown that they will suffer irreparable injury. With respect to the cost associated with the hearing, defense counsel stated at oral argument that counsel is willing to help lessen the burden by working jointly with plaintiffs' counsel to come up with a cost-effective method for presenting evidence, such as via expert affidavits. Plaintiffs' motion for a temporary restraining order and preliminary injunction is therefore DENIED.

## CONCLUSION

For the foregoing reasons, plaintiffs' application for a temporary restraining order and preliminary injunction is DENIED. (Docket No. 19 in No. 09-3668; Docket No. 21 in No. 09-4624).

**IT IS SO ORDERED.**

Dated: February 1, 2010

SUSAN ILLSTON
United States District Judge

3