IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.M. & E.M., individually and on behalf of their minor son C.M., | No. C 09-03668 SI<br>No. C 09-04624 SI |
| Plaintiffs, | **ORDER RE: DEFENDANTS' MOTIONS TO DISMISS** |
| v. | |
| LAFAYETTE SCHOOL DISTRICT, et al., | |
| Defendants.                              / | |

Defendants' motions to dismiss the First Amended Complaints filed in these related actions are presently set for hearing on June 4, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby rules as follows.

**BACKGROUND**

These related actions, brought under the Individuals with Disabilities Education Act ("IDEA"), concern a dispute over the educational opportunities provided to plaintiff C.M., an eleven-year-old child with learning disabilities. The basic factual and procedural background of these actions was set forth in the Court's February 1, 2010 order denying plaintiffs' motion for a temporary restraining order and preliminary injunction. (Docket No. 32 in Case No. 09-3668; Docket No. 36 in Case No. 09-4624).

In Case No. 09-4624, plaintiffs challenge a July 1, 2009 ALJ decision stemming from an

1 administrative complaint filed in December 2008 ("2008 OAH Case")[1] by defendant Lafayette School
2 District ("District"). In that decision, the ALJ found that plaintiffs were entitled to reimbursement of
3 half the expenses associated with the independent educational evaluation ("IEE") they had requested,
4 and that the District had a right to proceed with its own reassessment of the child. The ALJ declined
5 to rule on the appropriateness of the District's initial April assessment of the child because it concluded
6 that C.M.'s parents were entitled to reimbursement for the IEE in any event. Plaintiffs now challenge
7 both affirmative findings and contend that the ALJ erred by failing to make any findings regarding the
8 sufficiency of the District's April 2007 evaluation.

9 In Case No. 09-3668, plaintiffs challenge a different ALJ's decision in connection with an
10 administrative complaint filed by plaintiffs ("2009 OAH Case") while the 2008 OAH Case was still
11 ongoing. In the 2009 OAH Case, plaintiffs sought a due process hearing to address certain disputes
12 regarding the District's April 2007 assessment of the child, including whether the assessment itself was
13 timely and sufficient, and whether the individualized education program ("IEP") formed as a result of
14 the assessment complied with the IDEA. Plaintiffs now challenge the ALJ's May 13, 2009 decision that
15 several claims in their complaint are barred by the statute of limitations. In particular, plaintiffs claim
16 the ALJ's decision wrongly prevented them from challenging the April 2007 initial assessment of C.M.

## LEGAL STANDARD

19 Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it
20 fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss,
21 the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
22 *Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff
23 to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully."
24 *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading
25 of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative
26 level." *Twombly*, 550 U.S. at 544, 555. In deciding whether the plaintiff has stated a claim upon which

---

[1] "OAH" is the Office of Administrative Hearings, the California agency which provides administrative due process hearings in IDEA cases.

relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

**DISCUSSION**

**I.      Motions by Lafayette Defendants**

Defendants Lafayette School District and Lafayette Board of Education (collectively "Lafayette Defendants") have filed a motion to dismiss the First Amended Complaint ("FAC") in its entirety in Case No. 09-3668 and a motion to dismiss portions of the complaint in Case No. 09-4624. As the motions raise different arguments, the Court will address each motion separately.

**A.      Case No. 09-3668**

In Case No. 09-3668, plaintiffs challenge the ALJ's May 13, 2009 decision in the 2009 OAH Case that plaintiffs' claims concerning the District's alleged failure to comply with its "child find"[2] obligations and to timely and properly assess C.M. are barred by the statute of limitations. The complaint contains a number of allegations addressing the merits of these two claims although the ALJ did not reach the merits of the claims after concluding that they were time-barred. The ALJ has not yet issued a final decision in the 2009 OAH Case. Plaintiffs seek (1) reversal of the OAH dismissal order, (2) a declaration that the District failed to conduct C.M.'s initial evaluation in accordance with the IDEA, (3) attorneys' fees and costs; and (4) various remedies for violations of 42 U.S.C. § 1983, the Fifth Amendment, and IDEA relating to the District's actions in connection with a compliance complaint which plaintiffs filed with the California Department of Education ("CDE") after the District

---

[2] *See* 20 U.S.C. § 1412(a)(3)(A) (to meet their "child find" obligations, states must ensure that "[a]ll children with disabilities residing in the State, . . . regardless of the severity of their disabilities, and who are in need of special education and related services, are identified, located, and evaluated and a practical method is developed and implemented to determine which children with disabilities are currently receiving needed special education and related services").

3

failed to act upon plaintiffs' request for an IEE.

### 1. First through Third Causes of Action

The Lafayette Defendants move to dismiss these claims on a number of grounds, including that plaintiffs are not yet aggrieved parties within the meaning of the IDEA because the ALJ has not issued its final decision in the 2009 OAH Case. The Court agrees with the Lafayette Defendants that plaintiffs' claims against these defendants are premature.

The language of the IDEA is clear that only parties aggrieved by the findings and decision issued by a hearing officer after the due process hearing may file an appeal in federal court. 20 U.S.C. § 1415(i)(1)(A) ("A decision made in a [due process] hearing . . . shall be final"), 1415(i)(2)(A) ("Any party aggrieved by the findings and decision made [by a hearing officer] . . . shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy."). Additionally, ample case law holds that parents may only appeal from a final decision of the ALJ. *See, e.g.*, *Coleman v. Newburgh Enlarged City Sch. Dist.*, 503 F.3d 198, 209 (2d Cir. 2007) ("[T]he IDEA grants prospective plaintiffs a federal (or state) cause of action only at the end of the administrative process: to parties who are 'aggrieved' by . . . the final decision of the impartial hearing officer."); *Sch. Bd. of Lee County, Fla. v. M.M. ex rel. M.M.*, 348 F. App'x 504, 512 (11th Cir. 2009) (same); *Lake Wash. Sch. Dist. No. 414 v. Office of Superintendent of Public Instruction*, No. 09-5009, 2009 WL 959818, at *5 (D. Alaska Apr. 8, 2009) ("Plaintiff is not aggrieved by the decision made by the ALJ, for the simple reason that the ALJ has not yet rendered his final decision. The IDEA does not permit a plaintiff . . . to file a complaint in federal court while administrative proceedings are still pending and seek the functional equivalent of an interlocutory appeal.").

Allowing plaintiffs to appeal aspects of the due process proceedings in a piecemeal fashion would run counter to the IDEA and would hinder efficient resolution of the administrative proceedings. Plaintiffs' First through Third Causes of Action against the Lafayette Defendants, all of which relate to the due process proceedings currently underway in the 2009 OAH Case, are therefore DISMISSED

4

without prejudice to refiling once the ALJ has issued a final decision.

### 2. Fourth Cause of Action

Plaintiffs' Fourth Cause of Action is based on the District's conduct in connection with a compliance complaint plaintiffs filed with the state in order to enforce the District's IEE obligations.[3] The Court finds it appropriate to dismiss this cause of action from Case No. 09-3668 with prejudice. This cause of action is based entirely on the administrative record in the 2008 OAH Case, which forms the basis for Case No. 09-4624. Perhaps recognizing that fact, plaintiffs have stated this claim in identical terms in Case No. 09-4624. The Court does not believe that the claim is appropriately brought in a duplicative fashion in this action. Plaintiffs' Fourth Cause of Action is therefore DISMISSED from Case No. 09-3668 as against all defendants without leave to amend, and the corresponding Fourth Claim for Relief is stricken from the complaint.

### B. Case No. 09-4624

In Case No. 09-4624, which pertains to the ALJ's final decision in the 2008 OAH Case, plaintiffs bring claims against the Lafayette Defendants and Dr. Dana Sassone, the District's Director of Student Services. 09-4624 FAC ¶ 48. Defendants seek dismissal of plaintiffs' Third and Fourth Causes of Action. The Third Cause of Action seeks relief for violations of the IDEA, Section 504 of the Rehabilitation Act ("Section 504"), and the Fifth Amendment through 42 U.S.C. § 1983 in connection with defendants' offer to conduct a reassessment of C.M. after plaintiffs sought an IEE. Plaintiffs allege that Dr. Sassone "sought to compel reassessment of C.M. in response to Plaintiffs' request for an IEE under color of law as a pretext for District's intention to intimidate Plaintiffs, to retaliate against them for their advocacy for C.M. and to obstruct their due process rights regarding an IEE," and that the District and the Board "permitted, endorsed, enabled, authorized and/or acted in concert with Dr. Sassone." 09-4624 FAC ¶¶ 112-14. The Fourth Cause of Action alleges violations of the Fifth Amendment, IDEA, and 42 U.S.C. § 1983 relating to defendants' actions in connection with

---

[3] The substance of the compliance complaint issue is discussed more fully below.

the compliance complaint plaintiffs submitted to the state. In the compliance complaint, plaintiffs claimed that the District failed to comply with IDEA procedural requirements after plaintiffs requested an IEE. *Id.* ¶ 52. According to plaintiffs, the Lafayette Defendants "sought a stay of CDE's investigation of Plaintiffs' compliance [complaint] on false pretenses and with the intent to obstruct and deny Plaintiffs express due process rights" by representing that the same issue raised in the compliance complaint was pending before the ALJ in the 2008 OAH Case. *Id.* ¶¶ 55-57, 124.

The Lafayette Defendants move to dismiss the Third and Fourth Causes of Action and to strike plaintiffs' request for expert fees.

### 1. Section 1983 Claims

As an initial matter, the portions of the Third and Fourth Causes of Action that are brought pursuant to Section 1983 must be dismissed to the extent they seek to vindicate violations of IDEA and the Fifth Amendment. First, the Ninth Circuit has clearly held that a plaintiff may not bring a claim under Section 1983 to remedy violations of the IDEA. *Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 938 (9th Cir. 2007). Plaintiffs' attempts to distinguish *Blanchard* are unavailing. Additionally, plaintiffs cannot state a Fifth Amendment claim against any of the Lafayette Defendants, as they are not part of the federal government. *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). The portions of the Third and Fourth Causes of Action that allege Section 1983 claims based on Fifth Amendment and IDEA violations are therefore DISMISSED without leave to amend.

### 2. Section 504 Claims

Plaintiffs' Third Cause of Action also alleges violations of Section 504, both directly under the Rehabilitation Act and through Section 1983. First, the Court finds that plaintiffs' Section 504 claims against Dr. Sassone must be dismissed with prejudice. Dr. Sassone is sued in her individual capacity as the District's Director of Student Services. The Ninth Circuit has expressly held that "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by . . . section 504 of the Rehabilitation Act." *Vinson v. Thomas*, 288 F.3d 1145 1156 (9th Cir. 2002). Additionally, published decisions by other courts support the conclusion that

an official also cannot be sued in her individual capacity directly under the Rehabilitation Act. *Garcia v. S.U.N.Y. Health Scis. Ctr.*, 280 F.3d 98, 107 (2d Cir. 2001); *Grzan v. Charter Hosp. of Nw. Ind.*, 104 F.3d 116, 119-20 (7th Cir. 1997); *Doe ex rel. Doe v. State of Haw. Dep't of Educ.*, 351 F. Supp. 2d 998, 1010-11 (D. Haw. 2004); *Becker v. Oregon*, 170 F. Supp. 2d 1061, 1066-67 (D. Or. 2001). Although there is no published Ninth Circuit decision on this point, unpublished authority suggests that the Ninth Circuit would also adopt this view.[4] Plaintiffs' Third Cause of Action is therefore DISMISSED as to Dr. Sassone without leave to amend.

The Third Cause of Action also alleges that the remaining Lafayette Defendants, the District and the Board, violated Section 504's anti-discrimination and anti-retaliation provisions by seeking "to compel reassessment of C.M. in response to Plaintiffs' request for an IEE." 09-4624 FAC ¶ 112. The Court agrees with defendants that plaintiffs have failed to provide sufficient factual support for this claim, whether pled as a stand-alone Rehabilitation Act violation or through Section 1983. Plaintiffs fail to explain how defendants' wish to obtain a current assessment of C.M. at public expense constituted discriminatory or retaliatory action, especially in light of the fact that the April 2007 assessment with which plaintiffs took issue was sixteen or seventeen months old at the time plaintiffs made their IEE request.[5] Instead, plaintiffs simply state in a conclusory fashion that defendants' offer to reassess C.M. constituted discrimination and retaliation, without explaining the basis for their belief that defendants' actions were discriminatory and/or retaliatory, or even distinguishing between the allegedly discriminatory acts and the allegedly retaliatory acts.

Plaintiffs' allegations merely constitute a "formulaic recitation of the elements" of a Section 504 cause of action without any supporting facts, which is plainly insufficient to withstand a motion to dismiss. *Twombly*, 550 U.S. at 555. Plaintiffs' Section 504 claims against the District and the Board are therefore DISMISSED with leave to amend.

---

[4] *See Daniel v. Levin*, 172 F. App'x 147, 149 (9th Cir. 2006) ("[A plaintiff] cannot seek damages or injunctive relief pursuant to the . . . Rehabilitation Act (RA) against the defendants in their individual capacities.")

[5] *See* 09-4624 FAC ¶¶ 25, 44

7

### 3. IDEA Claims

The Third and Fourth Causes of Action allege violations of the IDEA in connection with the Lafayette Defendants' reassessment offer and their representation to CDE that the issues raised in plaintiffs' compliance complaint were also presented to the ALJ in the 2008 OAH Case, respectively. First, with respect to the Third Cause of Action, the Court agrees with defendants that plaintiffs have failed to state a claim under the IDEA. Under IDEA implementing regulations, a school district faced with a request for an IEE at public expense must either fund the IEE or seek a due process hearing to defend its own assessment. 34 C.F.R. § 300.502(b)(2)(i). If the district files for a due process hearing and the ALJ ultimately finds that the district's assessment was appropriate, "the parent still has the right to an independent educational evaluation, but not at public expense." *Id.* § 300.503(b)(3). Although they vaguely claim that the District's actions violated their rights under the IDEA, plaintiffs point to no statutory provision that was violated by the Lafayette Defendants' offer to conduct a reassessment of C.M. at public expense in response to plaintiffs' IEE request.

Second, with respect to the Fourth Cause of Action, plaintiffs' only allegation against the Lafayette Defendants is that the District falsely represented to CDE that it should stay its investigation of plaintiffs' compliance complaint because the same issues were pending before an ALJ in a due process hearing. As discussed in further detail in the section of this order addressing the CDE Defendants' motion to dismiss, plaintiffs' allegations establish that the ALJ considered and resolved – in plaintiffs' favor – the same issue presented in the compliance complaint: whether the District unnecessarily delayed in responding to plaintiffs' IEE request. Plaintiffs' contention that the Lafayette Defendants sought to "obstruct and deny Plaintiffs express due process rights guaranteed by the . . . IDEA," 09-4624 FAC ¶ 124, is unsupported by any factual allegations. Moreover, plaintiffs do not identify any provisions of the IDEA that were violated by the Lafayette Defendants' conduct.

Finally, contrary to plaintiffs' contention, Dr. Sassone is entitled to assert the defense of qualified immunity to plaintiffs' IDEA claims, which are brought against Dr. Sassone in her individual capacity. Government officials sued in their individual capacity "are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights

8

of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009). Having concluded that plaintiffs have failed to make out an IDEA claim based on either the Lafayette Defendants' reassessment offer or their conduct with respect to plaintiffs' compliance complaint, the Court must conclude that plaintiffs have not adequately alleged that Dr. Sassone violated a clearly established right under the IDEA. Plaintiffs' IDEA claims against the Lafayette Defendants are therefore DISMISSED with leave to amend.

### 4. Expert Fees

The Lafayette Defendants also move to strike plaintiffs' request for expert fees in connection with their claim for attorneys' fees. IDEA's attorneys' fees provision provides that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i). The Supreme Court has expressly rejected the proposition that IDEA's attorneys' fees provision permits recovery of expert fees, holding that the statute "does not even hint that acceptance of IDEA funds makes a State responsible for reimbursing prevailing parents for services rendered by experts." *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 297 (2006). Plaintiffs attempt to distinguish *Arlington* by arguing that they do not seek expert fees as a component of attorneys' fees, but rather as "an element of damages." 09-4624 Oppo. at 24. This supposed distinction, however, is belied by the complaint. Plaintiffs' Second Claim for Relief expressly states that they are seeking, "as prevailing party, all attorney fees and costs, *including expert fees*, incurred in connection with District's due process hearing." 09-4624 FAC ¶ 49 (emphasis added). Plaintiffs' claim is clearly foreclosed by *Arlington*, and the motion to strike is GRANTED with prejudice.

### II. Motion by CDE Defendants

Defendants CDE and Superintendent Jack O'Connell (collectively "CDE Defendants") have filed a consolidated motion to dismiss in both cases. Plaintiffs bring two claims against the CDE Defendants, both of which allege claims under 42 U.S.C. § 1983 based on violations of plaintiffs' rights under the IDEA and the Fifth Amendment, as well as independent IDEA claims. Plaintiffs' Fourth

9

Cause of Action, which pertains to Case No. 09-4624 only as a result of the Court's dismissal of this claim from Case No. 09-3668, is premised on CDE's treatment of a compliance complaint plaintiffs filed with CDE in November 2008. In the compliance complaint, plaintiffs alleged that the District failed to comply with IDEA procedural requirements after plaintiffs disagreed with the District's April 2007 assessment and requested an IEE. 09-4624 FAC ¶ 52. According to plaintiffs, CDE violated its obligations under federal and state law by staying its investigation of plaintiffs' compliance complaint based on the District's representation that the same issue was pending before the ALJ in the 2008 OAH Case. *Id.* ¶¶ 55-57. Plaintiffs allege that they could have avoided initiating the 2009 OAH Case and incurring related costs and fees if CDE had completed its investigation of the compliance complaint. *Id.* ¶ 81. Plaintiffs' Fifth Cause of Action, stated in both complaints, alleges that the CDE Defendants "failed to conduct proper oversight of the OAH hearing process" and to "provide appropriate instruction and guidance for the OAH hearing officer." 09-3668 FAC ¶ 90; 09-4624 FAC ¶ 75.

The CDE Defendants move to dismiss both causes of action for failure to state a claim.[6] The Court agrees that the portions of both causes of action which are brought under Section 1983 must be DISMISSED without leave to amend. As stated above, plaintiffs cannot state a Fifth Amendment claim against non-federal actors, nor can they bring a Section 1983 to remedy IDEA violations. *Bingue*, 512 F.3d at 1174; *Blanchard*, 509 F.3d at 938.

Although the complaint is not entirely clear, it appears that plaintiffs' Fourth Cause of Action also alleges a stand-alone IDEA violation. Plaintiffs acknowledge that, under the IDEA's implementing regulations, "If a written complaint is received that is also the subject of a due process hearing . . . , the State must set aside any part of the complaint that is being addressed in the due process hearing until the conclusion of the hearing." 34 C.F.R. § 300.152(c)(1); *see also id.* § 300.152(c)(2)(i) (once an issue has been decided in a due process hearing, the due process hearing decision is binding). Plaintiffs argue that this provision does not excuse the CDE Defendants' closure of its investigation of their complaint

---

[6] In their moving papers, the CDE Defendants initially argued that plaintiffs failed to exhaust their administrative remedies with respect to claims against these defendants, and that plaintiffs' claims against CDE and against Superintendent O'Connell are barred by Eleventh Amendment immunity. The CDE Defendants have abandoned these arguments in their reply brief. The Court will therefore focus on defendants' arguments with respect to the substance of plaintiffs' claims.

10

for two reasons: (1) because the administrative hearing was not pending at the time plaintiffs filed their compliance complaint; and (2) because the issue presented in the compliance complaint was not the same as the issue presented at the administrative hearing.

Plaintiffs' first point is contradicted by the language of the regulation. Nothing in the regulation suggests that an OAH hearing must already be pending at the time a complaint is initially filed to warrant a stay of the CDE's investigation. Accordingly, the fact that the CDE Defendants stayed their investigation when the District initiated the 2008 OAH Case two weeks after plaintiffs had filed their compliance complaint does not provide grounds for finding an IDEA violation as long as the hearing raised the same issue presented in the compliance complaint. Contrary to the representations in plaintiffs' opposition, plaintiffs' complaint and attached exhibits demonstrate that the issue presented in the compliance complaint was also raised in the 2008 OAH Case. Plaintiffs allege that, in the compliance complaint, they challenged the District's "fail[ure] to comply with IDEA's procedural requirements of [34 C.F.R.] § 300.502 . . . regarding the parents' IEE request." 09-4624 FAC ¶ 52. The regulatory provision cited by plaintiffs provides that once parents have requested an IEE, the school district "must, without unnecessary delay, either . . . (i) [f]ile a due process complaint to request a hearing to show that its evaluation is appropriate; or (ii) [e]nsure that an independent educational evaluation is provided at public expense." 34 C.F.R § 300.502(b)(2). The question whether the District engaged in "unnecessary delay" before seeking a hearing or providing an IEE was expressly raised and decided *in plaintiffs' favor* by the ALJ in the 2008 OAH Case. *See* ALJ Decision, Ex. to 09-4624 FAC, at 15. Plaintiffs cannot plausibly claim that the CDE Defendants violated IDEA by staying the investigation of plaintiffs' claim, in accordance with applicable regulations, pending the outcome of the administrative hearing. Because plaintiffs have failed to identify any IDEA violation on the part of the CDE Defendants in connection with the compliance complaint procedure, the Fourth Cause of Action against the CDE Defendants is DISMISSED without leave to amend.

Finally, plaintiffs' Fifth Cause of Action against the CDE Defendants alleges that defendants failed to provide adequate guidance, supervision, and oversight to the OAH hearing officers who presided over the administrative hearings in this case. Plaintiffs rely on IDEA language providing that "[a]ny State educational agency . . . that receives assistance under this subchapter shall establish and

11

1   maintain procedures in accordance with this section to ensure that children with disabilities and their
2   parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public
3   education by such agencies." 20 U.S.C. § 1415(a). Plaintiffs do not allege, however, that the CDE
4   Defendants have violated their obligations under the IDEA by failing to "establish and maintain"
5   appropriate procedures. Rather, plaintiffs vaguely allege that the CDE Defendants violated the IDEA
6   by failing to provide "proper oversight" and "appropriate instruction and guidance" for the OAH hearing
7   officers who presided over the administrative hearings in this case. Plaintiffs cannot state a claim as a
8   matter of law. Plaintiffs have not cited any authority to support the proposition that the CDE Defendants
9   have supervisory responsibility with respect to OAH hearing officers, and California law compels a
10  contrary conclusion. CDE is required by statute to contract with a separate state agency or a nonprofit
11  organization to provide educational due process hearings. Cal. Educ. Code § 56504.5(a). In keeping
12  with this requirement, CDE contracts with OAH. An OAH hearing officer assigned to conduct a hearing
13  for another agency "shall be deemed an employee of the office and not of the agency to which he or she
14  is assigned." Cal. Gov't Code § 11370.3. Plaintiffs cannot state a claim against the CDE Defendants
15  based on CDE's alleged failure to oversee the actions of an independent hearing officer over which CDE
16  lacks supervisory authority. *Cf. Lillbask v. Sergi*, 117 F. Supp. 2d 182, 198 (D. Conn. 2000) ("State
17  Defendants are not liable for the decision, even though erroneous, on the part of an independent,
18  impartial hearing officer. Liability may not flow from decisions over which State Defendants have no
19  control and can not legally influence. With the procedural system in place, parents, local school boards,
20  hearing officers, and this court must ensure that [a child's] substantive interests are protected.").
21  Plaintiffs' Fifth Cause of Action against the CDE Defendants is therefore DISMISSED without leave
22  to amend.

23

24  **III.    Motions by DGS Defendants**

25          Defendants California Department of General Services ("DGS") and DGS Director Will Bush
26  (collectively "DGS Defendants") have filed motions to dismiss in both cases that raise identical legal
27  arguments in favor of dismissal. Accordingly, the Court will address both motions together.
28          Plaintiffs allege that DGS is "the State governmental agency designated by the CDE to provide

12

impartial administrative hearings to parents, students and educational agencies with regard to claims under the IDEA and corresponding California law . . . . through its Office of Administrative Hearings, Special Education Division (OAH)," and that Director Bush is responsible for "ensur[ing] that OAH provides impartial adjudication of due process hearings." 09-3668 FAC ¶¶ 13-14; 09-4624 FAC ¶¶ 18-19. Plaintiffs' Fifth Cause of Action alleges that the DGS Defendants, like the CDE Defendants, violated plaintiffs' rights under the Fifth Amendment and IDEA by "failing to exercise proper oversight over OAH." 09-3668 FAC ¶¶ 90-91; 09-4624 FAC ¶¶ 131-34.

The DGS Defendants move to dismiss the Fifth Cause of Action on several grounds, including that the claim is barred by judicial immunity and Eleventh Amendment immunity, and that plaintiffs fail to state a claim under 42 U.S.C. § 1983. Leaving aside the question of immunity, the Court finds that, for the reasons stated above with respect to the CDE Defendants, plaintiffs cannot state a claim under Section 1983 against the DGS Defendants. *See Blanchard*, 509 F.3d at 938 (Section 1983 not available to remedy IDEA violations); *Bingue*, 512 F.3d at 1174 (no Fifth Amendment claim available against non-federal actors). Accordingly, plaintiffs' Fifth Cause of Action is DISMISSED without leave to amend as to the DGS Defendants to the extent it is premised on violations of Section 1983.

Plaintiffs also appears to allege a stand-alone IDEA claim against the DGS Defendants under 20 U.S.C. § 1415(a), which states: "Any State educational agency, State agency, or local educational agency that receives assistance under this subchapter shall establish and maintain procedures in accordance with this section to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education by such agencies." Construing the complaints in plaintiffs' favor, plaintiffs have alleged that DGS receives federal IDEA funding. 09-3668 FAC ¶ 13 ("DGS receives federal funding, including funding through IDEA to conduct administrative hearings as designee of CDE."); 09-4624 FAC ¶ 18 (same). However, plaintiffs' allegations are far too vague and conclusory for the Court to determine the factual basis for the claim, including what specific duties or obligations the DGS Defendants are alleged to have violations. Additionally, plaintiffs' allegations do not tend to show that the DGS Defendants are even proper defendants under the IDEA. The statutory provision dealing with procedural safeguards states that such safeguards must be implemented "with respect to the provision of a free appropriate public

13

education by" the agency receiving IDEA funding. 20 U.S.C. § 1415(a). Plaintiffs have not explained how DGS, an agency whose only stated role is to conduct impartial administrative hearings,[7] is involved in "the provision of a free appropriate public education." The IDEA portion of plaintiffs' Fifth Cause of Action is therefore DISMISSED as to the DGS Defendants with leave to amend.

## CONCLUSION

For the foregoing reasons, and for good cause shown, the Court hereby rules as follows:

1. The Lafayette Defendants' motion to dismiss in Case No. 09-3668 is GRANTED without prejudice to refiling once the ALJ has issued a final decision. (Docket No. 39).

2. The Lafayette Defendants' motion to dismiss in Case No. 09-4624 is GRANTED without leave to amend as to the claims under 42 U.S.C. § 1983, the Rehabilitation Act claim against Dr. Sassone, and the request for expert fees. The motion is GRANTED with leave to amend as to the Rehabilitation Act claim against the District and the Board and as to the IDEA claims. (Docket No. 46).

3. The CDE Defendants' motion to dismiss is GRANTED without leave to amend. (Docket No. 38, Case No. 09-3668; Docket No. 45, Case No. 09-4624).

4. The DGS Defendants' motions to dismiss are GRANTED without leave to amend as to the claims under 42 U.S.C. § 1983 and with leave to amend to the stand-alone IDEA claims. (Docket No. 36, Case No. 09-3668; Docket No. 43, Case No. 09-4624).

To the extent plaintiffs wish to amend their complaints in accordance with this order, plaintiffs' Second Amended Complaints in both cases are due by **June 28, 2010.**

**IT IS SO ORDERED.**

Dated: June 2, 2010

SUSAN ILLSTON
United States District Judge

---

[7] *See* 09-3668 FAC ¶ 13, 09-4624 FAC ¶ 18.